IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASEY GOODMAN, et al., | : | |
|     Plaintiffs | : | |
| | : | |
| v. | : | CIVIL NO. AMD 06-2108 |
| | : | |
| BETH TFILOH DAHAN | : | |
| COMMUNITY SCHOOL, INC., et al., | : | |
|     Defendants | : | |

...o0o...

## MEMORANDUM OPINION

At the times relevant to the claims in this case, plaintiff Casey Goodman ("Goodman") was an 18-year old student at defendant Beth Tfiloh Dahan Community School ("Beth Tfiloh"). Goodman and her parents brought this action against Beth Tfiloh and certain parental chaperones accompanying Beth Tfiloh students on a field trip to Poland and Israel.[1] Alleging a plethora of claims, including state law torts and an equal protection violation under the federal constitution, plaintiff alleges that a handful of students, two of whom are named in the complaint, made certain insulting statements regarding Goodman's physical stature.

Plaintiff has voluntarily dismissed her equal protection claim. The sole remaining federal claim is an ostensible claim pursuant to Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. § 1681(a). Manifestly, plaintiff has failed to allege a claim under Title IX; accordingly, that purported claims shall be dismissed with prejudice and I

---

[1] There is some question as to whether, Goodman having reached the age of majority on November 5, 2005, her parents have standing to sue. In any event, the standing issue need not be addressed because plaintiffs clearly have failed to state a claim for relief under federal law.

shall decline to exercise supplemental jurisdiction over the state law claims.

Beth Tfiloh Dahan Community School, Inc., is a Maryland corporation which operates a Jewish-oriented educational institution for students from pre-school through high school. As part of the federal National School Lunch Program, the school receives federal financial assistance through the Federal Child Nutrition Programs of the United States Department of Agriculture.

Pursuant to standard school policies, parents of Beth Tfiloh students sign an "Enrollment Contract" which includes in its ambit a "Student-Parent Handbook." Like most schools, the handout certain guidelines, a "Code of Conduct" for students, and day-to-day rules which students must follow. Plaintiffs underscore the handbook's enumeration of certain religious values as they apply to student behavior, at least insofar as while on school grounds.

Goodman had what she alleges was a physical disability, breast asymmetry, medically known as Poland's syndrome. She alleged that defendants "knew about this disability" and "knew that it required surgical reconstruction."

Sometime during December 2005, two other students at Beth Tfiloh, Caroline Helfand ("Helfand") and Dylan Fedderman ("Fedderman"), began to "talk about and make fun of" Goodman's condition. Also, Helfand posted insulting remarks on the popular internet website *MySpace*. Goodman's parents brought the activity to the school's attention and approximately five months later, the *MySpace* postings were removed.

From March 5, 2006 to April 4, 2006, Goodman, Helfand, Fedderman, and most of their fellow students in Beth Tfiloh's senior class took a field trip to Poland and Israel. Two of the trip's parental chaperones (named individually as defendants in this action) accompanied the children on the trip. Goodman allegedly "expressed apprehension about going on [this] trip," but was "urged to do so" by at least two chaperones. While abroad on the trip, Goodman alleges, Helfand and Fedderman would "routinely stare at [her], giver her dirty looks, and make extremely disparaging remarks about her stature and physical disability." Plaintiff apparently made several phone calls home to complain about the treatment, whereupon her parents confronted and complained to school administrators. Goodman graduated on June 8, 2006.

Goodman seeks damages as a result of these incidents, alleging she suffered from "sleeplessness and nightmares" and "feelings of vulnerability and fear of possible meetings and encounters with Caroline Helfand and/or Dylan Fedderman." Plaintiffs further allege that the Goodman family has "lost substantial faith, belief in and confidence [in] the individual Defendants, Defendant Beth Tfiloh Dahan Community School and the Beth Tfiloh Congregation.

These allegations fail to state a cognizable claim under Title IX. In *Davis v. Monroe County Bd. of Education*, 526 U.S. 629 (1999), the Supreme Court held that, in certain instances where a school receives federal funding, the institution may be held liable for student-on-student sexual harassment under Title IX. However, a plaintiff must allege facts

supportive of the following elements to state such a claim: (1) the school is a recipient of federal funding;[2] (2) the school has actual notice or knowledge of the offending behavior; (3) the school acts with deliberate indifference; and (4) *the harassment is so severe, pervasive and objectively offensive that it effectively bars the victim's access to educational opportunities or resources. Id*. at 630-50 (emphasis added).

Even assuming Goodman could establish the first three prongs of the test, as a matter of law no reasonable juror could conclude on the basis of the allegations in the complaint that Goodman experienced harassment so "severe, pervasive [or] objectively offensive" such that it barred her "access to educational opportunities or resources." Instead, despite her admitted apprehension about participating in the school field trip, her already-embittered relationship with certain Beth Tfiloh students, and her own decision to take part in the otherwise-optional school field trip, Goodman nonetheless returned to Beth Tfiloh, and graduated with a high school diploma. If anything, the factual allegations weigh heavily against plaintiff's Title IX claim that her "access" to "educational opportunities or resources" was barred, or even burdened.

For the reasons stated above, the motion to dismiss shall be granted and the remaining federal claim dismissed with prejudice; because diversity of citizenship is lacking, the state

---

[2]The parties dispute whether Beth Tfiloh is subject to Title IX. Plaintiffs insist that the school's receipt and acceptance of federal funds, however insignificant, renders it unequivocally liable. Beth Tfiloh contends, on the other hand, that only *de minimus* amounts (less than .03% of the school's total expenditures) account for the school's federal funding, rendering Title IX inapplicable. I need not further consider this issue.

law claims shall be dismissed without prejudice for lack of jurisdiction. An Order follows.


Filed: February 12, 2007                           /s/
                                                     ANDRE M. DAVIS
                                                     UNITED STATES DISTRICT JUDGE